IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BILLY WAYNE WARREN | § | |
| v. | § | CIVIL ACTION NO. 6:05cv386 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Billy Warren, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Warren complains that on February 23, 2005, he was traveling from the Bradshaw Unit to the James Byrd Unit when the bus driver ran into the back of another vehicle.  He says that there was heavy rain and that the bus driver was speeding.  Warren stated that he did not exhaust his administrative remedies.

On November 9, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to exhaust.  The Magistrate Judge cited applicable Fifth Circuit authority saying that in prisoner cases, exhaustion of administrative remedies is a mandatory prerequisite to filing the lawsuit.  28 U.S.C. §1997e; Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).  Because Warren did not do so, the Magistrate Judge reasoned, his lawsuit could be dismissed.

Warren filed objections to the Magistrate Judge's Report on November 28, 2005.  In his objections, Warren argues that as a general matter, exhaustion of state remedies, whether administrative or judicial, is not a prerequisite to proceeding under Section 1983.  He concedes that

1

Congress may have created a specific exception to this rule in enacting Section 1997e, but says that this exception applies only to lawsuits brought "with respect to prison conditions." He says that his lawsuit, which encompasses claims of assault with a deadly weapon (i.e. the van), reckless endangerment, negligence, and conspiracy to cover up these actions, is not a "lawsuit brought with respect to prison conditions." He explains that because his case involved a "one-time unique incident," it does not concern "prison conditions." Warren does not allege that he exhausted his administrative remedies, only that he did not have to.

Warren cites Doe v. Pfrommer, 148 F.3d 73 (2nd Cir. 1998), in support of his contention, but this case involves the New York Office of Vocational Educational Services for Individuals with Disabilities and does not concern prisoners or 42 U.S.C. §1997e. He also cites Nussle v. Willette, 224 F.3d 95 (2nd Cir. 2000), *overruled by* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983 (2002). In Nussle v. Willette, the Second Circuit held, as Warren argues, that the phrase "prison conditions" does not apply to individualized claims such as uses of force and retaliation claims. In Porter v. Nussle, however, the Supreme Court overruled this decision and held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532, 122 S.Ct. at 992; *see also* Alexander v. Tippah County, Miss., 351 F.3d 626, 630 (5th Cir. 2003).

Warren's objections thus take a view of the law which the Supreme Court and the Fifth Circuit have specifically rejected. He has shown no valid reason for excusing the exhaustion requirement and so the Magistrate Judge did not err in recommending that the lawsuit be dismissed without prejudice for failure to exhaust administrative remedies.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded

that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

  ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

  ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to exhaust administrative remedies.  <u>Underwood v. Wilson</u>, 151 F.3d at 296.  It is further

  ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 20th day of December, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE